## J. D. BATES v. BENJAMIN F. SHERWOOD.

1. EASEMENT IN PRIVATE ROAD—HOW CONSTITUTED.

A person using a well defined track across the land of another in reaching land owned by him, otherwise inaccessable, which use has been adverse and continuous for more than twenty-one years, has an easement in the former land.

2. DEED TO RECONVEY AN ABSOLUTE CONVEYANCE, WHEN.

Although the grantee in a deed, by separate written contract, agrees to reconvey within a certain time upon payment to him of a specified sum, without interest, the deed is nevertheless an absolute conveyance and not a mere security.

3. WAY OF NECESSITY CREATED BY IMPLICATION.

A way of necessity, extinguished by union of seisin, is not revived upon severance, but if the necessity continues a new way is granted by implication.

HEARD ON ERROR.

C. A. Metcalf, for plaintiff in error, cited.

There is no implied reservation or grant of way of necessity in the deed in question. 2 Ballard Real Prop., Sec. 174; Boyd v. Woolwine, 21 S. E. Rep. 1020, 1022 [40 W. Va. 282]; 4 Ballard Real Prop. 198; Nichols v. Luce, 41 Mass. (24 Pick.) 102, 104, 105 [35 Am. Dec. 302]; Baker v. Willard, 50 N. E. Rep. 620 [171 Mass. 220; 40 L. R. A. 754]; Baxter v. Schweitzer, 58 N. Y. Supp. 163, 165 [40 App. Div. 519]; Opening One Hundred and Sixteenth St., In re, 37 N. Y. Supp. 508, 512 [1 App. Div. 436]; Huttemeier v. Albro, 18 N. Y. 48, 50; Hildreth v. Googins, 39 Atl. Rep. 550 [91 Me. 227]; Washburn Easements 32, 33; Seely v. Bishop, 19 Conn. 128, 134.

I. A. Webster, for defendant in error, cited:

Title to driveway by grant. National Ex. Bk. v. Cunningham, 46 Ohio St. 575, 586 [22 N. E. Rep. 924]; Shields v. Titus, 46 Ohio St. 528, 539 [22 N. E. Rep. 717]; Baker v. Rice, 56 Ohio St. 463, 476 [47 N. E. Rep. 653].

Driveway is an appurtenance, and the right thereto passes without being expressed in deed. Shields v. Titus, 46 Ohio St. 528, 540 [22 N. E. Rep. 717]; National Ex. Bank v. Cunningham, 46 Ohio St. 575, 587 [22 N. E. Rep 924]; Morgan v. Mason, 20 Ohio St. 401 [55 Am. Dec. 464]; Meredith v. Frank, 56 Ohio St. 479, 489, 490 [47 N. E. Rep. 656]; Bell v. Bell, 7 Dec. 516 (7 N. P. 150).

Defendant had right of way from necessity. Washburn Easements 162, 163; Gill v. Trout, Tappan (251) 293; Goddard Easements (4 ed.) 317; Baker v. Rice, 56 Ohio St. 463, 470 [47 N. E. Rep. 653].

Necessity for driveway cannot be removed by fact that one may be purchased from a third party. Meredith v. Frank, 56 Ohio St. 479, 491 [47 N. E. Rep. 656].

The deed not a mortgage. The rule when may be so declared. Slutz v. Desenberg, 28 Ohio St. 371; Miami Exp. Co. v. Bank, Wright 249 252.

Contracts for repurchase is strong evidence that instrument was not intended to be a mortgage. 80 Ill. 188.

## CALDWELL, J. (Orally.)

The plaintiff sets up that the defendants on February 1, 1900, and divers other times between that date and the time of the commencing of this action, wrongfully and unlawfully trespassed upon his property; that defendants are insolvent and cannot respond to an action for damages, and asks to have them restrained from trespassing in the future.

Benjamin F. Sherwood admits he did drive upon plaintiff's land at or about the time alleged in the petition, and then sets out facts in the petition to justify his acts in so doing. He pleads he is the owner of ten acres of land adjoining plaintiff's land over which he drives in reaching his land, and that there is no other way to reach his land, and the way in question has been used by him and his grantors for more than twenty-one years without interruption or hinderance; that he traveled in the same defined roadway over plaintiff's land leading to said ten acres, doing no damage to plaintiff's freehold.

He also pleads that plaintiff sold and deeded to him said ten acres and included in his deed all the appurtenances belonging thereto.

He says by reason of the facts set out, he has over plaintiff's said land a way of necessity. H. Sherwood answered he was working for his codefendant, and denies under the same facts set out in his codefendant's answer.

And the action was dismissed as to him.

The reply denies that any way of necessity or by prescription or in any other form existed in favor of defendant. The reply sets out that Mrs. Sherwood, who was the mother of the defendant, was the owner of said ten acres, and as such owner gave plaintiff a mortgage, on which there was due in April, 1899, $324; that she then agreed to and did convey to plaintiff a deed of said land, and this was done on an agreement that he would deed back to her or either of her sons she might designate said land, upon said $324 being paid to him without interest, and

said deed to Benjamin F. Sherwood was made in compliance with said contract; that said first deed was a security and the second was only a mode of redeeming.

The pleadings and evidence raise the following questions:

First. Was the way in question used for more than twenty-one years by defendant and his predecessors in title before the bringing of this action?

Second. Was such way by license?

Third. Was the transaction of the two deeds, the giving of security in different form and a release of the same, or are they, in fact, deeds absolute?

Fourth. The effect of the deeds if absolute.

Fifth. If the deeds are deeds absolute in fact, then is there a way by implication over plaintiff's land?

Then the question, does the ten acres join plaintiff's land, is there any other way, is a way necessary in view of all the facts, should the parties have contemplated a way, or did they contemplate a way?

The piece of land over which it is claimed the defendant has driven without authority and he was stopped by the plaintiff just prior to bringing this action is reached by a lane from the highway, which goes back some little distance and then comes woodland which belongs to the plaintiff, and this way leads from the end of that lane in a diagonal direction across the plaintiff's land, the woodland, to this ten-acre piece, and in that way the ten-acre piece has been reached.

Now the defendant claims that this way has been in common use for the purpose of reaching the ten acres he owns for more than twenty-one years, and he, therefore, has acquired a right, an easement, in this way. The evidence upon this is not much in conflict, but very little, and in fact it is almost conceded by the plaintiff that this way had a marked track where the wagons and vehicles had gone in reaching the ten acres, but some little question as to whether it did not deviate from the way claimed; but we find that the testimony shows that this way had been in use for more than twenty-one years when Mrs. Sherwood deeded the land to Bates and also when Bates deeded it back to the son, the defendant in this action, and that that way had a marked track or course that the wagons had pursued, as nearly in one track as wagons ever do go in going through a woods, and that the way was well marked clear through to the ten-acre tract.

This way was used not only by the parties owning the ten acres, Mrs. Sherwood, but was used more or less by the plaintiff in this case in drawing wood or timber and whatever he wished to draw from his own lot, and that use had continued for more than twenty-one years.

. In the second place it is claimed that this way was by license, and the testimony tends to show at a very early time, very soon after Mrs. Sherwood was married, that application was made to the father of the plaintiff for the privilege of driving over this wood lot to reach the land belonging to Mrs. Sherwood, the ten-acre piece, and there is evidence that application was made to the plaintiff after he became the owner, having inherited it from his father. He testifies he made complaint that they were driving over there when the ground was soft, and cutting up the lot, and that the understanding was when they got permission to drive through there that they should drive only when the ground was hard, and that he would stop them entirely if they did not refrain from driving when the ground was soft, so they would not cut up the wood-land, and that then permission was obtained by a promise to either pay damages or not drive when the ground was soft, and that has continued.

She denies ever having made application when she was the owner of this property to either him or his father for any permission, but she simply drove over and used this way across the plaintiff's land, wood lot, as a matter of necessity to reach her lot and without objection on his part, and we find that the license is not established by the evidence.

Then we come to the question of the two deeds. Mrs. Sherwood owed the plaintiff $324 about April, 1899, on a mortgage that had been running for some time upon the ten acres she owned, and they met, he insisting upon having his money, and an agreement was entered into, by which agreement he deeded to him absolutely the ten acres, that is, by a deed absolute on its face in fee simple, and he says that he gave back an agreement at that time that if by December 1, (this occurred in April, 1899) following she would pay back the $324 without interest he would then deed back the land to her or to either of her sons which she might designate, and that she designated the deed to be made to Benjamin, the defendant in this action, and Benjamin took the deed and paid the $324, borrowing the money on this same land. Benjamin after that, perhaps in February or some time that winter or fall after the deed was given, was using the land, and the plaintiff stopped him from using it, drove his brother back with the team, would not allow him to cross, and he brings this action for the trespass, and asks to have them enjoined from crossing.

The first question that arises is, were those deeds absolute, or were they intended as a security and a mode of releasing the security ?

It appears that a written agreement was made at the time that this deed was made by Mrs. Sherwood to Bates in April, 1899, and it was supposed that was lost. It was left with the justice of the peace who made the deed and who drew up the writing, and he testifies and Mr.

Bates testifies as to its contents; but the young man, the defendant, went to the justice of the peace about the time he received the deed to see this writing, and he copied it, and he testifies that he copied the whole of the writing.

The contents of the writing as given by the justice and by Mr. Bates does not correspond exactly with the writing that he produced in this copy. The copy that he produced was simply this: "April 10, 1899. This is to certify that J. D. Bates will deed ten acres of land to Mrs. Sherwood or either of her sons for $324 any time before December 1, it being the same ten acres sold to Bates by A. A. Sherwood (that was the mother) on this day."

No doubt other matters were there talked about, but we believe that this writing involves all that was put in it at the time. Other matters were talked about no doubt, and might have been agreed upon, but this writing is the contract which was entered into as to deeding back this land.

Now it is not necessary to discuss this whole matter as to how the parties acted and what they did, but we think those deeds were absolute deeds; that she had no right or authority to redeem that land, except by reason of this contract. It was a deed absolute, intended to be such, and if she wanted to buy back the land and have it deeded to herself or her sons by December 1, 1899, she could do so by paying Bates $324. No interest was charged by Bates. He gave up the note, gave up the mortgage, and taking all the surrounding facts and the testimony as it is before us on this question, we have concluded that those deeds were deeds absolute, that he was an absolute purchaser of the land, not taking the deed as security, and that when he deeded it back he made a deed absolute to the defendant.

Then the next question that arises is, what effect has that upon the use that had been established of this way for more than twenty-one years? In other words, the easement that had been established over this land by reason of user? We meet this proposition, after the way had been thus established by long user of over twenty-one years the property, the ten-acre piece, comes into the same ownership as the land over which the easement passes, both in the same person, that we think would destroy the easement, and the easement being destroyed by reason of the ownership, the defendant would no longer have any right to pass over it by reason of the easement being established by user.

The next question in the case is, what effect did the giving of the deed by the plaintiff to the defendant have upon the right of defendant to pass over this land, and that involves several questions as I have stated. In the first place it is disputed, does the ten acres join the plain-

tiff's land; they corner together, but the plaintiff's land passes by the corner of the other land to some distance, far enough so that they have driven in there either over the plaintiff's land or over his land and other land.

Now the question is, whether there is a way large enough there for a team to pass. They used this ten acres of land; it is woodland, and the Sherwoods got their wood there, and they passed in and out frequently in getting their firewood. These lands nearly corner, but Bates' land laps over the ten acres some distance, it is in dispute what that distance is, and it appears that the fence that comes up against the side of the ten-acre piece near the corner, between Mr. Warren and the plaintiff in this case; it is claimed that fence has been moved onto plaintiff's land, and that being so, if it is so, or suppose it is over, the way into this land has been narrowed up at least three or four feet according to some of the witnesses.

Then there is no dispute that at that corner of Mr. Sherwood's land and the party who owns the land lying by the side of his, or by the ten-acre piece there, the corner between him and his neighbor is marked by a stone, and the testimony seems to be quite conclusive that the wagons in passing in and out of the ten-acre lot onto the plaintiff's land have gone astride of that stone marking that corner. Whether that stone is correct or not there is no evidence to show. The mere fact that a stone was set there is shown by the evidence. As to whether or not this fence has been moved or not is in dispute; but one thing is certain that teams did pass in and out there for a long time, it was so used, and the neighbor, if any of his land is being used, is not here making any complaint. But the fact is established that these two pieces do join to some extent at least, and that extent is such that the plaintiff's land has been used in passing to and from the ten-acre piece, and such use seems to be possible yet. And it has been practical so far, and we do not see any reason why, under this evidence, it may not continue to be so, and it affords a sufficient gap to reach one piece of land over the other.

The evidence is pretty strong in this case that Mr. Warren, in laying over that fence between him and the plaintiff, laid it over onto the plaintiff three or four feet, but he swears he put it in the same place. Mr. Bates swears he did, and it is quite conflicting, and whether it is on the true line or not there is no evidence to show, but the evidence is strong that it was moved, quite strong in this case, and we could easily see there might be a motive on the part of Mr. Warren to gain more land and on the part of the plaintiff in this case to cut off this way over his land to allow Mr. Warren to gain some land there by reason of laying the fence over. **But, however, we think the lands do abut so a way is**

possible.    The evidence shows there is no other way to reach this land, no road touches upon the ten acres, and he has no other way by which in law he is permitted to reach his land unless it is in this manner.    He is cut off entirely from the use of his land so far as the evidence shows. He cannot appropriate a way, he is cut off, has got to force a way out somewhere if he cannot get it through this, or else his land is useless, and the party who has taken the mortgage upon it his mortgage is worth nothing except what it would sell for to some one who has land adjoining.

In view of all the facts, are the parties to be held to have contemplated a way?    As we say, the plaintiff was making the deed absolute of this property.    If he was not making a deed absolute, then as I have already stated, the defendant has a right of way by user, by long use. If he simply took the deed from Mrs. Sherwood as a security, then it would not cut off the right to pass over this way by reason of the easement being established by long use.    If he took it by deed absolute then he knew when he deeded this land to the defendant that there was no other possible way to reach the land, except over his woodland.    He knew that way had been long used, and he must have known that the defendant would expect to continue in its use.    Knowing all these facts, he must have contemplated that that way would still be used, and the defendant, knowing all these facts, would, it seems to us, take it for granted that he should pass to and from that ten acres as it had always been reached.    That being true, and there being no other way, and a way of necessity being required in the case, as the facts warrant, we think the defendant has a right to pass over this land in reaching his woodland, so long as he does no injury and follows the same marked path, and the plaintiff's petition will be dismissed.

CALDWELL and MARVIN, JJ., concur.

HALE, J., dissents.